IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRINISHA and DAVID TURTURICI,

        Appellants,                        No. CIV S-10-2853 KJM

      vs.

NATIONAL MORTGAGE SERVICING, LP,

        Appellee.                         <u>ORDER</u>

_____/

        This matter comes before the court upon the appeal by Trinisha and David Turturici ("appellants") of the bankruptcy court's abstention order and dismissal of the adversarial proceedings. The court heard this matter on March 30, 2011; David Turturici, an attorney, appeared pro se and on behalf of Trinisha Turturici, and Jeremy Jessup appeared on behalf of appellee. For the following reasons, the court AFFIRMS the bankruptcy court judgment.

/////

/////

/////

/////

/////

1

I. <u>FACTS AND PROCEDURAL HISTORY</u>

The court adopts the relevant factual and procedural history set forth in the August 11, 2010 order of the district judge who heard a prior appeal in appellants' case:

> On May 20, 2009, National Mortgage purchased a parcel of real property located at 6708 Palm Avenue in Fair Oaks, California . . . at the trustee's sale for $217,000. Two days after the trustee's sale, on May 22, 2009, Trinisha Turturici filed a complaint in the California Superior Court for Sacramento County . . . . Sixteen days after the trustee's sale, on June 5, 2009 at approximately 9:15 a.m., Debtors filed a chapter 7 bankruptcy petition in the Sacramento Division of the Bankruptcy Court for the Eastern District of California. National Mortgage recorded its trustee's deed upon sale for the [property] at approximately 12:54 p.m. that same day. On July 21, 2009, Debtors . . . initiated an adversary proceeding before the bankruptcy court. Debtors filed a first amended complaint in the adversary proceeding on October 6, 2009. On September 14, 2009, the trustee filed a statement, disclaiming any interest in the [property]. Debtors' bankruptcy was discharged in an order filed on September 21, 2009.

(Appellants' Br., Appx., Order Reversing Dismissal of Debtors' Adversarial Proceeding at 1-3, ECF 4-6 at 13-15 (citations omitted).)

Appellants' amended complaint in the adversary proceeding alleges three causes of action: 1) turnover of estate property under 11 U.S.C. § 544; 2) turnover of estate property under 11 U.S.C. § 549; and 3) turnover of estate property under 11 U.S.C. § 522. (ECF 4-3.) Appellants seek, in relevant part: 1) a declaration that the property in question is property of the bankruptcy estate; 2) an order that appellee deliver the property to the bankruptcy trustee or to the debtors; and 3) costs. (*Id*.)

The bankruptcy court held a status conference on November 24, 2009 at which it dismissed the adversary proceeding (*see* Appellants' Br., Appx. at 000104-000114, Nov. 24, 2009 Transcript, ECF 4-4, 4-5), after having put parties on notice that it would be considering reasons it should not dismiss the adversary proceeding at that time. (Appellants' Br., Appx. at 00088:12-24, Nov. 17, 2009 Transcript, ECF 4-4.) Appellants appealed the dismissal to the district court, which reversed and remanded on August 11, 2010, in the order referenced above.

(*See* Appellants' Br., Appx., Aug. 11, 2010 Order, ECF 4-6 at 13-23.)  The district court did not rule on the merits of the bankruptcy court's dismissal, instead finding that it could not affirm because the bankruptcy court failed to consider the *In re Tucson* abstention factors, discussed below.  (*Id*. at 10, ECF 4-6 at 22.)  On remand, the bankruptcy court found that discretionary abstention was appropriate under 28 U.S.C. § 1334(c)(1) after applying, albeit in a cursory manner, each *In re Tucson* factor; the court dismissed the adversary proceeding on October 4, 2010.  (Appellants' Br., Appx., Oct. 4, 2010 Order, ECF 4-6 at 6.)  Appellants filed their notice of appeal on October 15, 2010.  (Appellants' Br., Appx., ECF 4-6 at 25.)

The above-captioned matter was filed in this court on October 21, 2010.  (ECF 1.) Appellants filed their brief on December 20, 2010 (ECF 4) and appellees filed their opposition brief on January 17, 2011.  (ECF 11.)  Appellants filed their reply brief on January 31, 2011. (ECF 14.)

II.   ANALYSIS

   A.   Standard

A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  FED. R. BANKR. P. 8013. The court reviews "'the bankruptcy court's findings of fact under the clearly erroneous standard . . . its conclusions of law *de novo*,'" *Clinton v. Acequia, Inc.* (*In re Acequia, Inc.*), 787 F.2d 1352, 1357 (9th Cir. 1986) (quoting *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986)) and "[m]ixed questions of law and fact . . . de novo."  *Beaupied v. Chang* (*In re Chang*), 163 F.3d 1138, 1140 (9th Cir. 1998).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Savage v. Greene* (*In re Greene*), 583 F.3d 614, 618 (9th Cir. 2009).  "The existence of subject-matter jurisdiction, the scope of a bankruptcy court's inherent authority, and the scope of

its power to act under 11 U.S.C. § 105, are questions of law that [are] review[ed] de novo." *Johnson v. TRE Holdings, LLC* (*In re Johnson*), 346 B.R. 190, 193 (B.A.P. 9th Cir. 2006); *see also Krasnoff v. Marchack* (*In re Gen. Carriers Corp.*), 258 B.R. 181, 185-86 (B.A.P. 9th Cir. 2001).[1] The bankruptcy court's decision to abstain is reviewed for abuse of discretion. *In re Delorean Motor Co.*, 155 B.R. 521, 524 (B.A.P. 9th Cir. 1993).

"The bankruptcy court has original and exclusive jurisdiction over all cases under title 11, 28 U.S.C. § 1334(a), and original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11, 28 U.S.C. § 1334(b)." *Krasnoff*, 258 B.R. at 189.  However, § 1334(c)(1) states: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." "Proceedings 'arise under' title 11 if they involve a cause of action created or determined by a statutory provision of title 11. [] Proceedings that 'arise in' title 11 refer to administrative matters that arise only in bankruptcy cases and that would have no existence outside of bankruptcy. [] A 'related to' proceeding may be related to the bankruptcy because of its potential effect, but it does not invoke a substantive right created by the Bankruptcy Code and could exist outside of bankruptcy. []." *In re Gen. Carriers Corp.*, 258 B.R.

//////

//////

//////

//////

//////

---

[1] But "'[a]bstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first place. . . . The act of abstaining presumes that proper jurisdiction otherwise exists.'" *In re Gen. Carriers Corp.*, 258 B.R. at 190 (quoting *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995)).

4

at 189 (internal citations omitted).  Courts are to consider twelve factors (the "*In re Tucson* factors") in deciding whether to abstain under this section:[2]

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficult or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Delorean*, 155 B.R. at 524 (quoting *In re Eastport Associates*, 935 F.2d 1071, 1075-76 (9th Cir. 1991) (quoting *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990))).

   B.   The Parties' Arguments

Appellants argue that the bankruptcy court erred in abstaining and dismissing the adversary proceeding.  They maintain that this action is for turnover and "[s]uch claims are within the exclusive subject matter jurisdiction of the federal judiciary under 28 U.S.C. 1331." (Appellants' Br. at 5-6.)  Appellants argue that the bankruptcy court erred by not presenting factual findings to the district court and that even if the proceedings were non-core, the bankruptcy court could not have dismissed it on its own accord. (*Id*. at 6.)  Specifically, appellants contend that Federal Rule of Bankruptcy Procedure 9033 applies here and that the court should review all of the bankruptcy court's factual findings de novo – presumably because 28 U.S.C. § 157(c)(1) states that while bankruptcy judges may hear non-core proceedings, they

---

[2] The court notes the bankruptcy court's decision on remand appears to put the precedential status of *Tucson* into question. (Appellants' Br., Appx., Mem. Decision on Remand at 2, ECF 4-6.)  However, the Ninth Circuit has not provided a different standard and *In re Tucson* remains the controlling precedent.

1  may not enter final judgment but must submit proposed findings and recommendations to the
2  district judge. (Appellants' Br. at 7.) This is the incorrect standard. Section 9033 applies where
3  the bankruptcy court hears a non-core proceeding in accordance with 28 U.S.C. § 157(c)(1). The
4  bankruptcy court here was not required to file proposed findings of fact and conclusions of law
5  because this case was not heard under 28 U.S.C. § 157(c)(1). *See* FED. R. BANKR. P. 9033.
6  Appellants' contention that the bankruptcy court did not have jurisdiction to enter a dismissal is
7  thus meritless. (Appellants' Br. at 16.)

8  Moreover, the court is persuaded by the reasoning of another judge in this district
9  holding that bankruptcy judges have the authority to enter final orders in discretionary abstention
10 cases. *Holtzclaw v. State Farm Fire & Cas., Co.* (*In re Holtzclaw*), 131 B.R. 162,164 (Bankr.
11 E.D. Cal. 1991) (citing cases and finding "§ 1334(c)(1) does not present a constitutional
12 impediment to the authority of bankruptcy judges to enter final orders on questions involving
13 discretionary abstention"); *see also Scherer v. Carroll*, 150 B.R. 549, 552 (Bankr. D. Vt. 1993)
14 ("In the interests of judicial economy, it is no longer appropriate for a Bankruptcy Court to
15 recommend findings of fact and conclusions of law to the District Court on [abstention and
16 remand] issues."). Accordingly, as one of the factors to be considered by the bankruptcy court in
17 reaching its decision to abstain, as will be discussed, is "the substance rather than the form of an
18 asserted 'core' proceeding," *In re Delorean*, 155 B.R. at 524 (internal quotations omitted), it
19 naturally follows that it is within the bankruptcy court's discretion to determine whether a
20 proceeding is, in substance, a non-core proceeding for purposes of abstention without submitting
21 findings and recommendations to that effect to the district court.[3]

---

[3] The court acknowledges the recent decision of the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L. Ed. 2d 475 (2011). In *Stern*, the Court found that the bankruptcy court did not have the constitutional authority to enter final judgment on plaintiff's state law-based counterclaim. *Id*. at 493. Although the case "has a narrow holding, [it has] potentially enormous implications for bankruptcy courts and litigation in the federal courts." Erwin Chemerinsky, *Enormous Confusion*, NAT'L L.J., Aug. 29, 2011. However, *Stern* is inapplicable in the present case; unlike in *Stern*, here the bankruptcy court did not enter final judgment on what it deemed to be a core proceeding but rather exercised its discretion to abstain.

6

Appellants further maintain that the bankruptcy court "should not have dismissed the proceeding on abstention grounds short of a noticed motion as required by Federal Rule of Bankruptcy Procedure, Rule 5011(b)." (*Id.* at 7.) This argument is meritless. The bankruptcy court may reach the abstention decision sua sponte. *See* 28 U.S.C. § 1334(c)(1); *see also In re Pac. Gas & Elec. Co.*, 279 B.R. 561, 565-66 (Bankr. N.D. Cal. 2002).

Moreover, appellants contend that the bankruptcy court's findings were erroneous, in that it found that appellants were attempting to set aside the foreclosure sale. (*Id.* at 6.) This argument is disingenuous in that even if appellants accept the foreclosure sale as valid, they are indeed seeking that the foreclosure sale be set aside so that the property can be made part of the bankruptcy estate. Appellants further contend that their claims arise solely under the Bankruptcy Code and are within exclusive federal question jurisdiction. Specifically, as discussed briefly below, appellants maintain that none of the *In re Tucson* factors is met. (Appellants' Br. at 8-18.)

Appellees, on the other hand, maintain that abstention is proper and that, even if it were improper, the adversary proceeding should have been dismissed because "it was based on flawed factual and legal arguments and was a waste of the Court's resources, and the property equity or lack thereof would not provide benefit to the estate." (Appellees' Br. at 8-9.)

C.   Analysis

As noted, as this appeal concerns the bankruptcy court's decision to abstain, the court's standard of review is for abuse of discretion. The court finds that the bankruptcy court did not abuse its discretion in abstaining. Although the court will generally address certain of appellants' arguments, the court finds it unnecessary to review each of the *In re Tuscon* factors individually. Rather, when considering whether the bankruptcy court abused its discretion, "'we look for any plausible basis upon which the bankruptcy court might have exercised its discretion to do what it did. If we find any such basis, then we must affirm.'" *Nyamekye v. Wells Fargo*

/////

*Bank N.A.* (*In re Nyamekye*), 2011 Bankr. LEXIS 913, at *13 (B.A.P. 9th Cir. Feb. 15, 2011) (quoting *McCarthy v. Prince* (*In re McCarthy*), 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999)).

        Appellants' contention at the hearing, that the state court could not hear their case after their bankruptcy filing, because the case converted to being one solely revolving around the bankruptcy estate, is not compelling. On the contrary, as the bankruptcy court acknowledged at the November 17, 2009 hearing, the prepetition foreclosure "occurred in violation of California law . . . . Surely the California court can resolve this and they [*sic*] are welcome to . . . ." (Appellants' Br., Appx. at 00087:17-19, Transcript, ECF 4-4.) Insofar as the bankruptcy declaration stayed all proceedings with regard to the property until the bankruptcy was discharged, neither the bankruptcy court in the adversarial proceeding nor the state court had jurisdiction until the bankruptcy was discharged; once the bankruptcy was discharged, the state court could have resumed its exercise of jurisdiction. *See In re Corey*, 892 F.2d 829, 834-35 (9th Cir. 1989) (finding a state court did not improperly interfere with the federal court's exclusive jurisdiction over bankruptcy proceedings where the state court proceedings occurred before debtor declared bankruptcy and therefore was not yet under the protection of federal bankruptcy laws).

        Appellants' similar contention, that the litigation will affect the bankruptcy estate and that efficient administration requires the bankruptcy court to hear turnover claims that arise under Title 11, is deficient for similar reasons. (Appellants' Br. at 8-9.) First of all, there is no longer an active bankruptcy case.[4] Furthermore, while the bankruptcy court had exclusive

---

[4] The bankruptcy action here has been discharged, the automatic stay has ended, and appellees have re-recorded the deed. (*See* Appellants' Br., Appx., 11/24/11 Transcript at 12, ECF 4-5.) There is no bankruptcy estate and the bankruptcy case is concluded. A party who fails to obtain a stay "accepts the sale of an asset as a final distribution from the collective proceeding." *Ounouli-Kona Land Co. v. Estate of Hubert F. Richards* (*In re Onouli-Kona Land Co.*), 846 F.2d 1170, 1174 (9th Cir. 1988). In addition, default has been entered against appellants in an unlawful detainer action appellees brought in Sacramento County Superior Court. (Appellee's Response at 7.) In spite of these facts, the court is unable to reach the question of whether this case is moot, which the court may raise sua sponte, in light of the incomplete record before it regarding the current status of the property.

8

jurisdiction over appellants' property during the course of the bankruptcy proceeding, and although the state court is bound by the bankruptcy court's discharge, the bankruptcy court relinquished its jurisdiction with the September 21, 2009 discharge. *See Central Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 363-64 (2006). In any event, the court agrees with the bankruptcy court that the central issue here had been raised in the state court proceeding; as the bankruptcy court found in its November 17, 2009 proceeding:

> [t]he appropriate thing for me to do, the trustee concedes there is no interest in the estate in this cause of action, is to conclude that the property is of inconsequential benefit to the estate, to grant the motion to abandon without taking sides on the question of the ownership of the property. It's the subject of state court litigation as well as bankruptcy court litigation and I will let nature take its course.

(Appellants' Br., Appx. at 00086, Transcript at 3:13-20, ECF 4-4.) The bankruptcy court further found, at its November 24, 2009 proceeding: "the fundamental issue is who owns this property, and that is fundamentally a state law question." (Appellants' Br., Appx. at 000113, Transcript at 12:3-4, ECF 4-5.) As will be discussed at more length, appellants rely heavily on a state law, California Civil Code § 2924h, and as the California courts are well-suited to competently determine a claim involving the interplay of state law and federal bankruptcy law, appellants' claim to set aside the foreclosure sale and bring the property into the bankruptcy estate should have been raised in state court. Appellants did argue at the hearing before this court that the statute of limitations for amending their complaint in state court has run; if true this does not affect this court's determination. As appellee stated at the hearing, appellants had ample time and opportunity to perfect their complaint in state court.

In a similar vein, appellants contend that "[t]he sole issue in these adversarial bankruptcy proceedings is whether or not the real property fell into the bankruptcy estate by operation of 11 U.S.C. 541." (Appellants' Br. at 9.) They further maintain that the case is not governed exclusively by state law, turnover claims are core proceedings, and the only state statute implicated involves settled law; rather, there are no state law claims involved in the

9

adversarial proceeding. (Appellants' Br. at 10 & 16.) In addition, appellants contend that the jurisdictional bases other than 28 U.S.C. § 1334 favor exclusive federal jurisdiction. (Appellants' Br. at 13.) However, while appellants' attempt to construe this as a core proceeding under 28 U.S.C. § 157(b)(2)(E), as one involving "orders to turn over property of the estate," the bankruptcy court looked beyond the pleadings to determine that this was in substance a non-core proceeding. (Appellants' Br., Appx., Mem. Decision on Remand at 4, ECF 4-6 at 9.) "[T]he mere characterization of a lawsuit as a proceeding to compel turnover is not dispositive of whether the action constitutes a core proceeding . . . [the] court is required to look behind the characterization to determine that in fact a turnover proceeding is warranted." *World Fin. Servs. Ctr., Inc. v. Commercebank* (*In re World Fin. Servs. Ctr., Inc.*), 64 B.R. 980, 986 (Bankr. S.D. Cal. 1986). *See also* page 6 *supra*. Even if appellants' claim was rightly for turnover, such claims "arise under Title 11" and thus the district court had original but not exclusive jurisdiction in accordance with 28 U.S.C. § 1334(b). Appellants' contention that the district court has exclusive jurisdiction in accordance with 28 U.S.C. § 1334(e)(1) is unavailing. This section provides that the district court has exclusive jurisdiction over property of the estate; however, whether this property is property of the estate is precisely what appellants claim they are asking the court to determine. However, as this was determined in the discharge of their bankruptcy, the real issue appellants ask the court to determine is whether the foreclosure sale can be set aside in favor of debtors and thus who owns the property.

Appellants specifically argue that the present action is for turnover because, as the deed was not filed within fifteen days of sale, the transfer was ineffective and the property remained property of the bankruptcy estate upon their filing for bankruptcy. The bankruptcy judge was dismissive in his approach to a portion of appellants' argument in this respect. (*See* Appellants' Br., Appx. at 000110, Transcript at 9, ECF 4-5 ("Why in 22 years have I never seen the trustee faced with a situation where a foreclosure occurred before the filing of the petition and the petition was filed before the recording of the deed of trust. [] I've sat on something

around 100,000 bankruptcy cases, and my question this day to you is why have I never seen your theory articulated?").) The California legislature has addressed the exact scenario that played out in appellants' case in amending California Civil Code § 2924h, suggesting the scenario itself is not uncommon.[5] *See In re Gonzalez*, 2011 Bankr. LEXIS 2892, at *20 n.12 (C.D. Cal. Aug. 1, 2011) ("there was a concern about the validity of foreclosure sales where a bankruptcy petition was filed after the trustee's sale became final but before the deed could be recorded"); *see also Bebensee-Wong v. Federal Natl. Mortg. Assn.* (*In re Bebensee-Wong*), 248 B.R. 820, 822 (B.A.P. 9th Cir. 2000) ("In California and other jurisdictions that utilize a typical race-notice recording statute, prepetition foreclosure sales have been avoided when the debtor 'won the race to the courthouse' by filing bankruptcy after the sale occurred but before the foreclosure trustee's deed was recorded. [] [T]he California legislature in 1993 responded to the frustration expressed by lenders and foreclosure trustees by amended *California Civil Code § 2924h(c)*."). Section 2924h(c) reads as follows:

> [T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day.[6]

---

[5] While appellants' situation is not uncommon, the bankruptcy judge's bafflement was justified insofar as appellants relied on a theory that, as articulated by appellee, "the foreclosure was proper and the preexisting $459,604 debt was wiped out, but that the sale price was inadequate and the transfer deed was not recorded before the Appellants filed for bankruptcy, and that as the remedy the property title should be returned to or recovered by Appellants or their bankruptcy estate for Appellants' benefit (but that the $459,604 pre-foreclosure debt would nevertheless still be wiped out)." (Appellee's Opp'n at 15.)

[6] A bankruptcy judge in the Northern District described the law as follows:

> Normally, the post-petition perfection of the transfer of an interest of the debtor in property would violate the automatic stay of *section 362* as well as being avoidable under *section 549(a)*. However, *section 362* contains certain exceptions to the bar of the automatic stay. One of these exceptions – *11 U.S.C. § 362(b)(3)* – relates to an act to perfect an interest in property that, pursuant to *11 U.S.C. § 546(b)*, would prevail over certain of the trustee's

11

There is merit to appellants' underlying contention, that the foreclosure sale was not perfected because of the automatic stay that followed their filing of a bankruptcy petition. However, this contention is irrelevant to the present claim. In fact, there appears to be a disconnect between appellants' argument in this regard and the relief sought. The essential question as presented in this case, as the bankruptcy court found, is who owns the property. This question could, and rightly should, have been raised in the state court action, which was already pending at the time of appellants' June 5, 2009 bankruptcy filing and appellee's June 5, 2009 recordation. *See In re Onouli-Kona Land Co.*, 846 F.2d at 1173 (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)) ("the substantive rights of parties in bankruptcy are 'created and defined by state law.'").

Appellants contend that the parallel state court proceeding was not "substantially similar" to the bankruptcy court adversarial proceeding. (Appellants' Br. at 12.) But they appear to confuse abstention in this context with *Colorado River* abstention, in which the Ninth Circuit has held the parallelism of state and federal proceedings is analyzed on a "substantial

---

avoiding powers. *Section 546(b)* provides, in pertinent part, that a trustee's power to avoid an interest under *section 544* is subordinate to "any generally applicable law that...permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection;   . . ." This is just what the amended version of *section 2924h(c)* does **provided, that is, the purchaser records its deed within fifteen days of the sale**.

On the other hand, if the foreclosure sale purchaser fails to record its deed within fifteen days of the sale, the perfection will not relate back to the date of the sale. . . . [T]he recordation of a foreclosure sale deed more than fifteen days of the sale [*sic*] after a bankruptcy petition is filed will not qualify for the *section 362(b)(3)* exception to the bar of the automatic stay and will not protect the purchaser from avoidance of its interest in the property under *section 544(a)(3)*. Recordation of the deed within fifteen days of the sale appears critical to the outcome of a motion for relief under these circumstances.

*In re Minnie Bee Garner*, 208 B.R. 698, 700-01 (Bankr. N.D. Cal. 1997) (emphasis in original); *see also Davison v. Engles* (*In re Engles*), 193 B.R. 23 (Bankr. S.D. Cal. 1996); *but see In re Gonzales*, __ B.R. __, 2011 WL 3328508 (C.D. Cal. Aug. 1, 2011).

12

similarity" basis. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). In the present proceeding, abstention is not based on a judicially created doctrine, but on statutory authority. *See Krasnoff*, 258 B.R. at 189 ("In bankruptcy proceedings, there are two forms of statutory abstention: mandatory and discretionary." (citing 28 U.S.C. § 1334(c))). While "a bankruptcy court has discretion to invoke *Colorado River* deference [] that power is distinct from . . . the statutory bankruptcy abstention provisions." *Swift v. Bellucci* (*In re Bellucci*), 119 B.R. 763, 767 (Bankr. E.D. Cal. 1990).

In sum, appellants' adversarial action in bankruptcy court was an attempt to repackage their state law claims; the bankruptcy court did not abuse its discretion in abstaining. The application of *In re Tucson* favors the court's abstention in this case.

III. CONCLUSION

For the foregoing reasons, the bankruptcy court decision is AFFIRMED.

IT IS SO ORDERED.

DATED: September 24, 2011.

_____
UNITED STATES DISTRICT JUDGE